LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| MARLON WALDEMAR CARDONA LOPEZ a/k/a CARDONA LOPEZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| CHELSEA MARKET DELI LLC d/b/a FRIEDMAN'S PHILLIPS 35 INC. d/b/a FRIEDMAN'S FRIEDMAN'S 31ST STREET LLC d/b/a FRIEDMAN'S FRIEDMAN'S 47TH LLC d/b/a FRIEDMAN'S PAG 72ND STREET INC d/b/a FRIEDMAN'S JONAH'S PASTRAMI LLC d/b/a FRIEDMAN'S FRIEDMAN'S ON GRAND LLC d/b/a FRIEDMAN'S JONAH PHILLIPS, and ALAN PHILLIPS, | |
| Defendants. | |

_____

Plaintiff MARLON WALDEMAR CARDONA LOPEZ a/k/a CARDONA LOPEZ

("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned

attorneys, hereby files this Class and Collective Action Complaint against Defendants CHELSEA

MARKET DELI LLC, d/b/a FRIEDMAN'S, PHILLIPS 35 INC. d/b/a FRIEDMAN'S,

FRIEDMAN'S 31ST STREET LLC, d/b/a FRIEDMAN'S, FRIEDMAN'S 47TH LLC, d/b/a FRIEDMAN'S, PAG 72ND STREET INC, d/b/a FRIEDMAN'S, JONAH'S PASTRAMI LLC, d/b/a FRIEDMAN'S, FRIEDMAN'S ON GRAND LLC, d/b/a FRIEDMAN'S (collectively, "Corporate Defendants") and JONAH PHILLIPS, and ALAN PHILLIPS (the "Individual Defendants," and together with Corporate Defendants, "Defendants"), states as follows:

## **INTRODUCTION**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages, including overtime premium, (2) unpaid wages, including overtime premium, due to invalid tip credit, (3) unpaid wages due to time-shaving, (4) compensation for improperly deducted meal credits, (5) liquidated damages, and (6) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages, including overtime premium, (2) unpaid wages, including overtime premium, due to invalid tip credit, (3) unpaid wages due to time-shaving, (4) compensation for improperly deducted meal credits, (5) liquidated damages, (6) statutory penalties and (7) attorneys' fees and costs.

3.      Furthermore, Plaintiff alleges that pursuant to the New York State Human Rights Law, New York Executive Law §296 ("NYSHRL"), and the New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that Plaintiff was deprived of his statutory rights as a result of Defendants' discriminatory employment practices based on Plaintiff's sexual orientation and seeks to recover (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

## JURISDICTION, AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b),

28U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6.      At all times relevant herein, Plaintiff was and is a resident of the State of New York,

Queens County.

7.      Individual Defendants JONAH PHILLIPS, and ALAN PHILLIPS own and operate

a chain of restaurants under the trade name "Friedman's" at the following locations:

> a.   Chelsea Market, 75 9th Ave, New York, NY 10011 ("Chelsea Friedman's");
>
> b.   450 10th Ave, New York, NY 10018 ("Hell's Kitchen Friedman's");
>
> c.   132 W 31st St, New York, NY 10001 ("Herald Square Friedman's");
>
> d.   Edison Hotel NYC, 228 West 47th St, New York, NY 10036 ("47th Friedman's");
>
> e.   50 West 72nd St, New York, NY 10023 ("72nd Friedman's");
>
> f.   35 West End Ave, New York, NY 10023 ("West End Friedman's");
>
> g.   233 W 49th St, New York, NY 10019 ("49th Friedman's") (now closed);
>
> h.   359 Grand St, New York, NY 10002 ("Grand Friedman's")(now closed) (collectively, the "Restaurants").

8.      Defendants operate the Restaurants as a single integrated enterprise, under family

control of Individual Defendants ALAN PHILLIPS and JONAH PHILLIPS. Specifically, the

Restaurants are engaged in related activities, share common ownership and have a common business purpose.

    a.   All the Restaurants are commonly owned and operated by ALAN and JONAH PHILLIPS. *See* **Exhibit A.**

    b.   All of Defendants' Restaurants are advertised jointly on their website: https://www.friedmansrestaurant.com/.

    c.   Defendants sell gift cards on their website, which can be used at all of Defendants' Restaurants. *See* **Exhibit B.**

    d.   The Restaurants all share and utilize the "FRIEDMAN'S" trademark and name.

    e.   All of the Restaurants share a common look and feel, and similar items.

    f.   All of the Restaurants use similar menus and drinks menu. *See* **Exhibit C.**

    g.   All of the Restaurants share a catering menu. *See* **Exhibit D**.

    h.   All of the Restaurants utilize one application form for any jobs. *See* **Exhibit E**.

    i.   All of the Restaurants utilize one form to schedule private events at all of Defendants' Restaurants. *See* **Exhibit F.**

    j.   All of the Restaurants utilize one "Contact Us" form for all of Defendants' Restaurants. *See* **Exhibit G**.

    k.   Defendants utilize centralized administration functions and have a centralized payroll, Human Resources, public relations department, and accounting department that services all Restaurants.

    l.   Defendants provide the same terms of employment to employees at both Restaurants. Employees are subject to the same wage policies at both Restaurants and receive the same employee handbook.

m. Employees are freely transferable among the Restaurants because the operations are identical.

9.     At all times relevant herein, Corporate Defendant CHELSEA MARKET DELI LLC, was and is a domestic limited liability company duly organized under and existing by virtue of the laws of the State of New York, with a service of process address located at 542 Warrant Street, Hudson, NY, 12534, and a principal place of business at Chelsea Market, 75 9th Ave, New York, NY 10011. Corporate Defendant CHELSEA MARKET DELI LLC owns and operates the "Friedman's" restaurant at Chelsea Market, 75 9th Ave, New York, NY 10011.

10.     At all times relevant herein, Corporate Defendant PHILLIPS 35 INC, was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, with an address for service of process and a principal place of business at 450 10th Ave, New York, NY 10018. Corporate Defendant PHILLIPS 35 INC. owns and operates the "Friedman's" restaurant at 450 10th Ave, New York, NY 10018.

11.     At all times relevant herein, Corporate Defendant FRIEDMAN'S 31ST STREET LLC, was and is a domestic limited liability company duly organized under and existing by virtue of the laws of the State of New York, with an address for service of process at 1991 Broadway, 2nd Floor, New York, NY 10023, and a principal place of business at 132 W 31st St, New York, NY 10001. Corporate Defendant MAN'S 31ST STREET LLC owns and operates the "Friedman's" restaurant at 132 W 31st St, New York, NY 10001.

12.     At all times relevant herein, Corporate Defendant FRIEDMAN'S 47TH LLC, was and is a domestic limited liability company duly organized under and existing by virtue of the laws of the State of New York, with an address for service of process at 875 6th Avenue, Room 1006, New York, NY 10001, and a principal place of business at Edison Hotel NYC, 228 West 47th St,

New York, NY 10036. Corporate Defendant FRIEDMAN'S 47TH LLC owns and operates the "Friedman's" restaurant at Edison Hotel NYC, 228 West 47th St, New York, NY 10036.

13.    At all times relevant herein, Corporate Defendant PAG 72ND STREET INC., was and is a domestic business corporation duly organized under and existing by virtue of the laws of the State of New York, with an address for service of process at 130 West 72nd Street, New York, NY 10023, and a principal place of business at 50 West 72nd St, New York, NY 10023. Corporate Defendant PAG 72ND STREET INC. owns and operates the "Friedman's" restaurant at 50 West 72nd St, New York, NY 10023.

14.    At all times relevant herein, Corporate Defendant JONAH'S PASTRAMI LLC, was and is a domestic limited liability company duly organized under and existing by virtue of the laws of the State of New York, with an address for service of process at 470 Harrington Drive, Austerlitz , NY 12017, and a principal place of business at 233 W 49th St, New York, NY 10019. Corporate Defendant JONAH'S PASTRAMI LLC owned and operated the "Friedman's" restaurant located in the Pearl Hotel at 233 W 49th St, New York, NY 10019.

15.    At all times relevant herein, Corporate Defendant FRIEDMAN'S ON GRAND LLC, was and is a domestic limited liability company duly organized under and existing by virtue of the laws of the State of New York, with an address for service of process at 875 6th Avenue, Suite 1006, New York, NY 10001, and a principal place of business at 359 Grand St, New York, NY 10002. Corporate Defendant FRIEDMAN'S ON GRAND LLC owned and operated the "Friedman's" restaurant located in the Pearl Hotel at 359 Grand St, New York, NY 10002.

16.    Individual Defendant ALAN PHILLIPS is an owner, partner, principal, and executive, of Corporate Defendants. Individual Defendant ALAN PHILLIPS exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class

members. Individual Defendant ALAN PHILLIPS frequently visits each of the Restaurants. Individual Defendant ALAN PHILLIPS exercises the power to (and also delegates to managers and supervisors the power to) (i) fire and hire employees, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all times, employees could complain to Individual Defendant ALAN PHILLIPS regarding any of the terms of their employment, and Individual Defendant ALAN PHILLIPS would have the authority to effect any changes to the quality and terms of their employment. Individual Defendant ALAN PHILLIPS ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. Individual Defendant ALAN PHILLIPS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees. Individual Defendant ALAN PHILLIPS visited both Restaurants on a weekly basis and instructed employees to ensure smooth operations of the Restaurants. When Individual Defendant ALAN PHILLIPS sees anything wrong, he will immediately reprimand such employee at the Restaurant.

17.     Individual Defendant JONAH PHILLIPS is an owner, partner, principal, and executive, of Corporate Defendants. Individual Defendant JONAH PHILLIPS exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class members. Individual Defendant JONAH PHILLIPS frequently visits each of the Restaurants. Individual Defendant JONAH PHILLIPS exercises the power to (and also delegates to managers and supervisors the power to) (i) fire and hire employees, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class members. At all times, employees could complain to

7

Individual Defendant JONAH PHILLIPS regarding any of the terms of their employment, and Individual Defendant JONAH PHILLIPS would have the authority to effect any changes to the quality and terms of their employment. Individual Defendant JONAH PHILLIPS ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. Individual Defendant JONAH PHILLIPS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees. Individual Defendant JONAH PHILLIPS visited both Restaurants on a weekly basis and instructed employees to ensure smooth operations of the Restaurants. When Individual Defendant JONAH PHILLIPS sees anything wrong, he will immediately reprimand such employee at the Restaurant.

18.     At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL.

19.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

20.     At all relevant times, Defendants employed at least eleven (11) employees as defined under the NYLL.

21.     All of Defendants' Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants. Because the Restaurants share identical illegal wage and hour policies, they (and the relevant Corporate Defendants) are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

22.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including

but not limited to servers, food runners, bussers, bartenders, barbacks, porters, hosts, cooks, line cooks,) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

23.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) their proper wages and overtime premium, (ii) their proper wages due to time-shaving, and (iii) their proper wages for invalid meal credit deductions. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs. There is a Tipped Subcollective which additionally has claims for unpaid wages due to an invalid tip credit. Plaintiff is additionally a member of the Tipped Subcollective.

24.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

25.     Plaintiff bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to servers, food runners, bussers, bartenders, barbacks, porters, hosts, cooks, line cooks,) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

26.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

27.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of the Class and the Tipped Subclass.

28.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants (i) failing to pay proper wages, including overtime premium, (ii) failing to pay proper wages, due to time-shaving; (iii) improperly deducting meal credits from employees' wages; (iv) failing to provide proper wage statements that were in compliance with the requirements under the NYLL, and (v) failing to provide proper wage notices that were in compliance with the requirements under the NYLL.

29.     With regard to Plaintiff and the Tipped Subclass, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip

credit because they failed to meet statutory requirements under the NYLL. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay the proper minimum wage and the proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

30.     Defendants failed to pay Plaintiff and Class members at the proper overtime premium, which invalidates Defendants' tip credit.

31.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff sustained similar losses, injuries, and damages as other Class members, with such injuries and damages arising from the same unlawful policies, practices, and procedures.

32.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

33.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

35.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rates and overtime rates;

e) Whether Defendants properly compensated Class Members for all of their hours worked due to their policy of time-shaving;

f) Whether Defendants improperly deducted meal credits;

g) Whether Defendants complied with the requirements of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.7

h) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

i) Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

j) Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

k) Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

l) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

m) Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements under the New York Labor Law.

**STATEMENT OF FACTS**

36.     In or around June 2017, Plaintiff MARLON WALDEMAR CARDONA LOPEZ was hired by Defendants as a runner/busser at Defendants' "Friedman's", located in the Edison Hotel, at 228 West 47th St, New York, NY 10036. Plaintiff's employment was terminated in or around June 2018. In or around July 2021, Plaintiff was re-hired by Defendants as a runner/busser at Defendants' "Friedman's", located in the Edison Hotel, at 228 West 47th St, New York, NY 10036. Plaintiff's employment was terminated in or around the end of February 2022.

37.     Throughout his employment, although Plaintiff primarily worked at the "Friedman's", located in the Edison Hotel, Plaintiff was frequently sent to the "Friedman's" located at 50 West 72nd St, New York, NY 10023 on an as needed basis.

38.     Throughout his employment, Plaintiff's schedule varied week by week, but he typically worked five (5) to six (6) days, from 6:00 a.m. to 3:00 p.m. or from 3:00 pm to closing which is typically around 10:00 p.m. or 11:00 p.m.

39.     During Plaintiff's first employment with Defendants, Plaintiff was compensated at the tip credit minimum wage rate. Starting when he was re-hired in July 2021, Plaintiff was paid compensated at a tipped wage rate of thirteen ($13) dollars per hour. Starting in November 2021, to the end of his employment, Plaintiff was compensated at a rate of fifteen ($15) dollars per hour.

40.     Throughout his employment with Defendants, Defendants failed to pay Plaintiff at the proper overtime premium. For instance, in June of 2021, Plaintiff's base pay rate was thirteen dollars ($13.00), Defendants paid Plaintiff at an improper overtime rate of $19.50. Defendants failed to pay Plaintiff at a rate of one and one-half time the minimum wage for hours worked exceeding forty (40) hours per week. In 2021, the overtime rate was $22.50. FLSA Collective Plaintiffs and Class Members similarly were paid at the wrong overtime premium.

41.     Additionally, approximately two (2) times per week, Plaintiff would clock out for the end of his shift, but was stopped before leaving and required to continue working for approximately thirty (30) minutes, off the clock. FLSA Collective Plaintiffs and Class Members similarly had to perform work off the clock after their shifts had ended.

42.     Throughout Plaintiff's employment, Defendants also automatically deducted a meal credit from employees' wages for each shift they worked, without regard to whether their employees actually consumed the credited meal.  Similarly, FLSA Collective Plaintiffs and Class members had a meal credit deducted from their wages regardless of whether they actually consumed the credited meals or not.

43.     Plaintiff, the Tipped Subcollective, and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff, the Tipped Subcollective, and the Tipped Subclass Defendants were not entitled to claim any tip credit allowance under the FLSA or the NYLL because Defendants (i) failed to properly provide tip credit notice at hiring and with every change in rate of pay thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) implemented an invalid tip pooling scheme in which managers participated in the tip pool, (iv) failed to provide proper wage

statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

44.     Defendants failed to pay Plaintiff the Tipped Subcollective and the Tipped Subclass the proper overtime rate. Defendants also failed to notify Plaintiff, the Tipped Subcollective, and the Subclass of the proper overtime premium owed to them.

45.     Plaintiff, the Tipped Subcollective, and the Tipped Subclass were also required to engage more than 20% of their working time in non-tipped related activities, including preparing food, making coffee, polishing silverware and glassware, restocking the bathrooms, restocking condiments and the bar, folding napkins and taking out all the garbage in the premises. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

46.     Throughout Plaintiff's employment, Defendants also automatically deducted a meal credit from employees' wages for each shift they worked, without regard to whether the meal credit deducted exceed the meals "reasonable cost"[1] , whether the meals provided satisfied New York State's nutritional requirements containing all four (4) food groups[2], and whether employees actually consumed the credited meals or not. Similarly, FLSA Collective Plaintiffs and Class members had a meal credit deducted from their wages regardless of whether the meal credit deductions were reasonable, whether the meals satisfied the New York State's nutritional requirements, and whether employees they actually consumed the credited meals or not.

---

[1] 29 C.F.R. § 531.3
[2] N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.7

47.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements and wage notices as required under New York Labor Law.

48.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature.  Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay.  Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380.  Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

49.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct actually harmed Plaintiff and Class members.  Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper rate and frequency of pay to employees.  Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

50.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation.  The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.  This delayed payment caused Plaintiff to struggle to timely pay bills.  Class members similarly struggle to timely pay debts due to Defendants continued attempts to hide wrongdoing from employees.

51.     Defendants knowingly and willfully operated their business with a policy of not paying the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, the Tipped Subcollective, and Tipped Subclass members. Defendants were not entitled to claim any tip credits under the FLSA or the NYLL.

52.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to Defendants' policy of time-shaving.

53.     Defendants knowingly and willfully operated their business with a policy of improperly deducting meal credits from Plaintiff, FLSA Collective Plaintiffs and the Class members, in violation of the FLSA and the NYLL.

54.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

55.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

*Plaintiff's Discrimination Claim*

56.    In addition, Plaintiff suffered from Defendants' discriminatory practices and the hostile work environment fostered by Defendants, as described below

    a.    Plaintiff is a heterosexual male;

    b.    During his second period of employment with Defendants, from in or around July 2021, to in or around the end of February 2022, the head chef, Fernando [LNU], fostered a hostile work environment based on Plaintiff's sexual orientation.

    c.    Generally, Fernando [LNU] would call Plaintiff a "f*ggot" and loudly proclaim that Plaintiff likes men at every opportunity he saw him and would attempt to rally the kitchen staff into saying homophobic slurs as well.

    d.    Fernando [LNU] would further physically abuse Plaintiff. On one occasion the Fernando [LNU] threw a salad bowl at Plaintiff calling him a "f*ggot" and telling him to "get out."

    e.    On another occasion, the head chef invited Plaintiff and two other women for a "night out." When Plaintiff declined, the chef got mad, called Plaintiff a "f*ggot who likes men" and yelled other homophobic slurs at Plaintiff.

    f.    As a result of these discriminatory comments and actions, Plaintiff suffered from stress, depression, and anxiety as a result of the hostile work environment that was fostered at Defendants' place of business.

57.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

58.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

59.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

61.      At all relevant times, Defendants had gross annual revenues in excess of $500,000.

62.     At all relevant times, Defendants had a policy and practice of failing to pay proper wages, including overtime premium, to Plaintiff and FLSA Collective Plaintiffs.

63.     At all relevant times, Defendants had a policy and practice of failing to pay proper wages to Plaintiff and FLSA Collective Plaintiffs due to Defendants' policy of time-shaving.

64.     At all relevant times, Defendants had a policy and practice of failing to pay proper wages to Plaintiff and the Tipped Subcollective due to an invalid tip credit.

65.     At all relevant times, Defendants had a policy and practice of improperly deducting meal credits from Plaintiff and FLSA Collective Plaintiffs regardless of whether the meal credit deducted exceed the meals' "reasonable cost", whether the meals provided satisfied New York State's nutritional requirements containing all four (4) food groups, and whether Plaintiff and FLSA Collective Plaintiffs consumed the meals in question.

66.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

67.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

68.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

69.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time-shaving, unpaid wages due to an invalid tip credit, unpaid wages due to invalid meal credit deductions, plus an equal amount as liquidated damages.

70.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

71.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

72.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

73.    At all relevant times, Defendants had a policy and practice of failing to pay proper wages, including overtime premium, to Plaintiff and Class Members.

74.    At all relevant times, Defendants had a policy and practice of failing to pay proper wages to Plaintiff and Class Members due to Defendants' policy of time-shaving.

75.    Defendants willfully violated Plaintiff and Tipped Class members' rights by failing to pay them wages in the lawful amount for all hours worked as Defendants were not entitled to claim any tip credits.

76.    Defendants willfully violated Plaintiff and Class members' rights by deducting a meal credit from the wages of Plaintiff and other Class members for meals which were not provided or not consumed by Plaintiff and Class members, in violation of the NYLL.

77.    Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the New York Labor Law as they failed to accurately reflect Plaintiff and Class Members wages due to Defendants' failure to provide wage statements that reflected their proper compensation, as a result of Defendants' utilization of an invalid tip credit, Defendants policy of time shaving, Defendants' failure to pay spread of hours premiums, and improperly deducted meal credits.

78.    Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants' unpaid wages, including overtime, unpaid wages, including overtime, due to an invalid tip credit, unpaid wages due to time-shaving, unpaid spread of hours premiums, compensation for improperly deducted meal credits, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## <u>VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW</u>

79.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Complaint as fully set forth herein.

80.     The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of sexual orientation.

81.     Plaintiff was an employee and qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

82.     Defendants operated a business that discriminated against Plaintiff in violation of Section 296(1)(a) with respect to the terms, conditions, and privileges of his employment because of his sexual orientation in ways including, but not limited to:

    a.  Creating and fostering a hostile work environment based on Plaintiff's sexual orientation; and

    b.  Verbally abusing Plaintiff with homophobic slurs.

83.     The hostile work environment was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's employment and/or create an intimidating, hostile, and offensive work environment for Plaintiff.

84.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under Section 296 of the NYSHRL.

85.     As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

86.     As a direct and proximate result of said hostile work environment, Plaintiff suffered and continues to suffer actual damages in various ways, including but without limitation, loss of past and future earnings, mental anguish, and pain and suffering. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorney's fees, and costs, as provided for under the NYSHRL.

**COUNT IV**

**VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW**

**ADMINISTRATIVE CODE OF THE CITY OF NEW YORK § 8-107 ("NYCHRL")**

87.     Plaintiff realleges and incorporates all the above allegations of this Class and Collective Complaint as fully set forth herein.

88.     At all relevant times, Plaintiff was an employee within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

89.     Defendants operated a business that discriminated against Plaintiff in violation of the NYCHRL by discriminating against Plaintiff with respect to the terms, conditions, and privileges of his employment because of his sexual orientation in various ways, including but not limited to:

   a.   Creating and fostering a hostile work environment based on Plaintiff's sexual orientation; and

   b.   Verbally abusing Plaintiff with homophobic slurs.

90.     The hostile work environment was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's employment and/or create an intimidating, hostile, and offensive work environment for Plaintiff.

91.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under the NYCHRL.

92.     As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

93.     As a direct and proximate result of said hostile work environment, Plaintiff suffered and continues to suffer actual damages in various ways, including but without limitation, loss of past and future earnings, mental anguish, and pain and suffering. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorney's fees, and costs, as provided for under the NYCHRL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction herein and thereafter grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

b.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid wages and unpaid overtime compensation, including those due to Defendants' invalid tip credit policy under the FLSA and the NYLL;

d.  An award of unpaid wages and unpaid overtime compensation, including those due to Defendants' improper time-shaving policy under the FLSA and the NYLL;

e.  An award of improperly deducted meal credits under the FLSA and the NYLL;

25

f.  An award of backpay, compensatory damages, and punitive damages due under the NYSHRL;

g.  An award of backpay, compensatory damages, and punitive damages due under the NYCHRL;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, including overtime premium, due to an invalid tip credit, pursuant to the FLSA and NYLL;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, including overtime premium, due to time-shaving pursuant to the FLSA and NYLL;

j.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages due to improperly deducted meal credits pursuant to 29 U.S.C. § 216, and the NYLL;

k.  An award of prejudgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.  Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

m.  Designation of this action as a class action pursuant to F.R.C.P. 23;

n.  Designation of Plaintiff as Representative of the Class and Subclass;

o.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May __, 2023  
      New York, New York          By:     */s/ C.K. Lee*     .  
                                             C.K. Lee, Esq.

                                         **LEE LITIGATION GROUP, PLLC**  
                                         C.K. Lee, Esq. (CL 4086)  
                                         Anne Seelig, Esq. (AS 3976)  
                                         148 West 24th Street, 8th Floor  
                                         New York, NY 10011  
                                         Tel.: 212-465-1188  
                                         Fax: 212-465-1181  
                                         *Attorney for Plaintiff, FLSA Collective*  
                                         *Plaintiffs and the Class*